**MARSHALL v MADORSKY**

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9614. Decided Feb 4 1929.

Lex Kintner and L. W. Myron, both of Cleveland, for Marshall.

Moses Benjamin, Cleveland, for Madorsky.

## PER CURIAM

We must look to the record to see what, if any, evidence the plaintiff introduced tending to substantiate the only disputed issue between the parties, namely, whether the plates were unfit for the purpose and use intended.

While it is true that plaintiff offered no expert evidence to sustain his point, he related a set of circumstances outlining his experiences with the plates. He related that time and time again he complained that the plates were giving him pain and inconvenience and that defendant attempted to adjust the plates without success and that the second set of plates was made in an effort to remedy the defect of the first set of plates.

Under the scintilla rule which compels a submission of the case to the jury if there is any evidence whatsoever tending to sub-stantiate the allegations of the petition, we are of the opinion that the trial court erred in directing a verdict as it did in favor of defendant. It is not the law in Ohio that in a suit aganist a dentist that expert testimony must be introduced tending to substantiate the allegations of plaintiff's petition in order to sustain his claim. The evidence given by plaintiff himself outlining the pain, inconvenience and trouble which the plates gave him, is by far the best evidence obtainable and to say the least, supplies the necessary scintilla which compels a submission of the case to the jury.

Judgment of the Municipal Court will therefore be reversed and the case remanded for further proceedings according to law.

Sullivan, PJ, Vickery and Levine, JJ, concur.